UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

    Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; *and* ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

    Defendants.
_____/

**OMNIBUS ORDER ON MOTION FOR EXPEDITED RELIEF AND PLAINTIFF'S MOTION FOR LEAVE TO TAKE THE DEPOSITION OF MOHAMMED ALSALOUSSI AND FOR LEAVE TO FILE RESPONSE TO ALSALOUSSI DEFENDANTS' REPLY**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. Defendants Mohammed Alsaloussi ("Alsaloussi"), 775 NE 77th Terrace LLC ("775 LLC"), Alsaloussi Estate LLC, and Alsaloussi Holdings, LLC ("Alsaloussi Defendants") filed a Motion for Expedited Relief and in Opposition to Plaintiff's Motion to Extend Time, ECF No. [33] ("Motion for Expedited Relief"). In the Motion for Expedited Relief, the Alsaloussi Defendants request that the Court discharge the *lis pendens* on the real properties located at 2051 N. Bay Rd., Miami Beach, FL 33140 ("2051 Property"), and 775 NE 77th Terrace, Miami, FL 33138 ("775 Property"), ECF No. [19-1] at 7, and seek attorneys' fees and costs pursuant to the Florida Statutes, Section 48.23. ECF

No. [33-1] at 12-13.[1] Pertinent to this Order, the Court required Plaintiff to file an expedited response addressing whether the Court should discharge the *lis pendens* on the Other Properties. *Id.* Plaintiff thereafter filed a Response, ECF No. [37], to which the Alsaloussi Defendants filed a Reply, ECF No. [41].

On June 2, 2023, Plaintiff filed his Motion for Leave to Take the Deposition of Mohammed Alsaloussi and for Leave to File Response to Alsaloussi Defendants' Reply Memorandum in Support of Motion to Discharge *Lis Pendens*. ECF No. [49] ("Plaintiff's Motion").

The Court has reviewed the parties' submissions, the record in this case, the relevant law, and is otherwise duly advised. For the reasons that follow, the Court grants the Defendants' request to discharge the *lis pendens* on the Other Properties and denies Plaintiff's Motion.

## I.   BACKGROUND

The Court assumes the parties' familiarity with the allegations in the Amended Complaint, ECF No. [36], and the record. It sets forth the procedural history pertinent to the Alsaloussi Defendants' request to discharge the *lis pendens* on the Other Properties and to Plaintiff's Motion.

### A.   Procedural History

Plaintiff filed this action in state court which was then removed by the Alsaloussi Defendants. ECF No. [1]. On March 10, 2023, Plaintiff filed notices of *lis pendens* on the 2051 Property and the 775 Property, *see* ECF No. [17-1] at 6. The Alsaloussi Defendants thereafter filed their Motion to Dismiss, ECF No. [19-1], requesting that the Court discharge the *lis pendens* on the 2051 Property and the 775 Property. *Id.* at 22-25. On May 12, 2023, Plaintiff filed a Motion

---

[1] On May 22, 2023, Plaintiff filed a notice of *lis pendens* on Lot 8, Block 16, Amended Plat of Sunset Lake Subdivision, also known as 2040 Alton Rd., Miami Beach, FL 33140 ("2040 Property"). The Court refers collectively to the 2051 Property, 775 Property, and the 2040 Property as the "Other Properties" in order to distinguish it from the property located at 7333 Belle Meade Blvd., Miami, FL 33138 ("7333 Property"), which is the property implicated in the Complaint, ECF No. [1].

for Extension of Time to Amend the Complaint, ECF No. [31], which the Court granted in part and denied in part that same day, ECF No. [34]. The Alsaloussi Defendants then filed their Motion for Expedited Relief. ECF No. [33]. In the Motion, the Alsaloussi Defendants represent that the notices of *lis pendens* on the Properties are causing damages because a mortgage lender served a notice of default as to the 775 Property due to the *lis pendens* and the *lis pendens* is jeopardizing a pending sale of the 2051 Property. ECF No. [33-1] at 5-6. The Alsaloussi Defendants thus request that the Court enter an order discharging the *lis pendens* on the 775 Property and the 2051 Property and award attorneys' fees and costs for the discharge of the *lis pendens*. *Id.* at 12-13.

On May 19, 2023, Plaintiff filed the Amended Complaint and the Court denied as moot the Motion to Dismiss. ECF No. [38]. On May 22, 2023, Plaintiff filed a notice of *lis pendens* as to the 2040 Property. ECF No. [40]. Soon thereafter, Defendants filed a Reply in support of their Motion to Expedite. ECF No. [41]. On June 2, 2023, Plaintiff filed Plaintiff's Motion, ECF No. [49], and the Alsaloussi Defendants thereafter filed their Response, ECF No. [52].

**B. Pertinent Allegations in the Amended Complaint**

Plaintiff is an individual who resides in Miami-Dade County, Florida and Alsaloussi is an individual who also resides in Miami-Dade County. ECF No. [36] ¶¶ 3, 4. 775 LLC, Alsaloussi Holdings, and Alsaloussi Estate are Florida limited liability companies. *Id.* ¶¶ 7, 11, 13. Referring to those companies as the "Alsaloussi Shell Companies," Plaintiff alleges those companies are alter egos of Alsaloussi and each other and are essentially one in the same. *Id.* ¶ 17. Plaintiff was introduced to Alsaloussi at a dinner on Miami Beach in the summer of 2018. *Id.* ¶ 36. Thereafter, Alsaloussi gained Plaintiff's trust and confidence. *Id.* ¶¶ 37-42.

1. ***Storm Industries***

On August 17, 2018, Plaintiff and Alsaloussi formed Storm Industries, LLC ("Storm Industries"). *Id.* ¶ 50. Alsaloussi's supposed purpose in forming Storm Industries was to facilitate

his and Plaintiff's mutual investment in a military patent ("Patent"). *Id.* On September 17, 2018, "based upon Alsaloussi's *false* representation to [Plaintiff] that [Alsaloussi] had already paid $5,880,000.00 on [Plaintiff's] behalf for Storm Industries, [Plaintiff] wired $5,880,000.00 (the 'Storm Industry Funds') of his personal funds to Alsaloussi's personal account at Bank of America ('Alsaloussi Account')." *Id.* ¶ 52 (emphasis in original). The Storm Industry Funds were supposed to be used to develop Storm Industries' Middle East business operations, but Alsaloussi used the money to purchase real property. *Id.* ¶ 53. On December 11, 2018, Plaintiff wired Alsaloussi $5,500,000.00 in connection with the purchase of the Patent ("Patent Funds").

### 2. Sheridan Property

On October 18, 2018, Alsaloussi, through the Alsaloussi Shell Companies, purchased property located at 466 Sheridan Avenue, Miami, FL 33130 ("Sheridan Property") for $1,150,000.00 in cash. *Id.* ¶ 54.

### 3. 7333 Property

On August 2, 2019, Alsaloussi purchased real property located at 7333 Belle Meade Blvd, Miami, FL ("7333 Property") with $3,435,000.00 in cash. *Id.* ¶ 61. In February 2021, Alsaloussi offered to sell Plaintiff the 7333 Property as a "new start" for Plaintiff. *Id.* ¶¶ 67-69. On March 19, 2021, Alsaloussi executed a promissory note for $7,925,000.00 in favor of Peggy Drummond, Plaintiff's mother, ECF No. [36-1] ("Belle Meade Security Instrument").[2] ECF No. [36] ¶ 73. Plaintiff thereafter wired Alsaloussi $6,389,700.000 for the 7333 Property. *Id.* ¶ 77. On December 23, 2021, Alsaloussi sold the 7333 Property to Yellow Hammock, LLC, for $8,250,000.00. *Id.* ¶ 84.

---

[2] The Belle Meade Security Instrument provides that Alsaloussi promises to pay to the order of Peggy Drummond, $7,925,000.000, and that Alsaloussi agrees to place the 7333 Property and a property located at 450 Alton Rd. Apt 2910, Miami Beach, Florida 33139 as collateral. ECF No. [36-1] at 1.

### 4. 2051 Property

On May 28, 2021, Alsaloussi Estate purchased the 2051 Property for $4,350,000.00. *Id.* ¶¶ 79. Specifically, Alsaloussi used a loan for $3,000,000.00 ("Velocity Loan") and $1,350,000.00 in cash. *Id.* ¶ 79-81. Plaintiff alleges that but for Plaintiff's transfer of money for the 7333 Property, the Alsaloussi Defendants could not have purchased the 2051 Property. *Id.* ¶ 82.

### 5. 775 Property

On December 30, 2021, one week after the sale of the 7333 Property, 775 LLC purchased the 775 Property for $7,075,000.00. *Id.* ¶ 88. Plaintiff alleges that but for Plaintiff's transfer of money for the 7333 Property, the Alsaloussi Defendants could not have purchased the 775 Property. *Id.* ¶ 90.

### 6. 2040 Property

On January 6, 2022, Alsaloussi Estate, LLC purchased the 2040 Property for $1,550,000.00 in cash. *Id.* ¶¶ 91. Plaintiff alleges that but for Plaintiff's transfer of money for the 7333 Property, the Alsaloussi Defendants could not have purchased the 2040 Property. *Id.* ¶ 92.

### 7. Counts of the Amended Complaint

Plaintiff asserts the following Counts in the Amended Complaint:

1. Count I, Fraud in the Inducement against Alsaloussi;
2. Count II, Conversion against Alsaloussi;
3. Count III, Unjust Enrichment against Alsaloussi;
4. Count IV, Constructive Fraud against Alsaloussi;
5. Count V, Imposition of a Constructive Trust on the 2051 Property;
6. Count VI, Imposition of a Constructive Trust on the 775 Property; and
7. Count VII, Imposition of a Constructive Trust on the 2040 Property.

ECF No. [36]. The Constructive Trust Counts are based on the Alsaloussi Defendants' alleged fraudulent conduct.

## II.  STANDARD

Under Florida Statutes, Section 48.23,

> An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

Fla. Stat. § 48.23(1)(a); *see also Axos Clearing, LLC v. Reynolds*, No. 1:19-CV-20979-KMM, 2019 WL 2082551, at *2 (S.D. Fla. May 9, 2019) (citing Fla. Stat. § 48.23).

A notice of *lis pendens* on a property provides notice that the property is subject to a pending suit involving the property's title. *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972).[3] Among other purposes, the notice protects the notice's proponent from intervening liens that could impair his or her claimed property rights in the property and from possible extinguishment of the plaintiff's unrecorded equitable lien. *See Med. Facilities Dev., Inc. v. Little Arch Creek Properties, Inc.*, 675 So. 2d 915, 917 (Fla. 1996) (citing *Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993)).

Federal courts may discharge a notice of *lis pendens* "when the pending pleading does not show that the action is founded on a duly recorded instrument," or when the action does not specifically or directly affect the subject property. *Axos Clearing*, 2019 WL 2082551, at *2 (quoting Fla. Stat. § 48.23(3)). In the latter case, a *lis pendens* is proper *only* when the required relief might specifically affect the property in question. *Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2006 WL 7994718, at *1 (citing *Beefy King*, 464 F.2d at 1104). To show that the required

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

relief might specifically affect a property, the proponent must establish a "fair nexus" between the proponent's "apparent legal or equitable ownership of the property" and "the dispute embodied in the lawsuit." *Chiusolo*, 614 So. 2d at 492; *see also Med. Facilities Dev., Inc.*, 675 So. 2d at 918 ("[t]he proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute."). "'When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of *lis pendens* as the court may grant and dissolve injunctions,' that is, within its broad discretion." *Pushko*, 2006 WL 7994718, at *1 (quoting Fla. Stat. § 48.23(3)); *see also Beefy King*, 464 F.2d at 1104.

Relevant here, a showing of a "fair nexus" requires that the proponent show that "[it] has a good faith basis to allege the facts supporting a claim, and that the facts alleged would at least state a viable claim, if true." *Nu-Vision, LLC v. Corp. Convenience, Inc.*, 965 So. 2d 232, 235 (Fla. 5th DCA 2007). A court in its discretion may require the proponent to post a bond where the property holder demonstrates he or she may likely incur potential loss or damage if the notice of *lis pendens* is unjustified. *Med. Facilities Dev., Inc.*, 675 So. 2d at 918.

### III. DISCUSSION

#### A. *Lis Pendens*

The Alsaloussi Defendants contend that Plaintiff claims no title to the Properties, and Plaintiff seeks monetary relief for the Alsaloussi Defendants' alleged failure to deliver the 7333 Property (*see* ECF No. [1-1] ¶ 29). ECF No. [19-1] at 23. They further contend that Plaintiff is speculating that the Alsaloussi Defendants purchased the Properties using funds that Plaintiff allegedly transferred to Alsaloussi. ECF No. [19-1] at 23. The Alsaloussi Defendants reason that such speculation is insufficient to show a fair nexus between this action and the Other Properties and thus the notices of *lis pendens* must be discharged. Alternatively, the Alsaloussi Defendants

7

argue that the notices of *lis pendens* must be discharged because Plaintiff seeks only monetary relief, which is insufficient to maintain a *lis pendens*. *Id.* at 23-24.

Plaintiff responds that his Amended Complaint seeks to impose constructive trusts over the Other Properties and is adequately pled, asserted in good faith, and the well-pled allegations establish that a fair nexus exists. ECF No. [37] at 10. Specifically, Plaintiff states that he has alleged Alsaloussi occupied a position of trust and confidence to Plaintiff, Alsaloussi breached that trust by defrauding Plaintiff out of almost $20,000,000.00 to acquire the Properties, and Defendants enjoyed pecuniary gains to which they should not benefit in equity and good conscience. *Id.* at 11. Moreover, Plaintiff submits that he need not prove at this stage that the Alsaloussi Defendants purchased the Other Properties using funds obtained from Plaintiff. *Id.*

The Alsaloussi Defendants reply that Plaintiff cannot show a fair nexus between the Other Properties and this action by merely alleging a constructive trust because Florida law requires that Plaintiff support a notice of *lis pendens* with evidence. ECF No. [41] at 10-11.

Here, there is no dispute that the instant action is not based on a duly recorded instrument or a lien pursuant to chapter 13 of the Florida Statutes. Thus, the central issue is whether Plaintiff can establish a fair nexus between this action and the Other Properties. Doing so requires that Plaintiff demonstrate he brings a "good faith, viable claim." *Nu-Vision*, 965 So. 2d at 236. In *Nu-Vision*, Florida's Fifth District Court of Appeal found that the trial court properly dissolved the plaintiff's notice of *lis pendens* filed in connection with its claim for specific performance of a purported option to purchase property from the defendant. *Nu-Vision*, 965 So. 2d at 233. The plaintiff's claim for specific performance was based solely on a letter, which the plaintiff described as an "option agreement," and thus failed as a matter of law because that letter lacked essential terms to support specific performance. *Id.* at 234-35. Because the specific performance claim failed

8

as a matter of law, so did the notice of *lis pendens*. *Id.* at 235. In reaching that holding, *Nu-Vision* explained that Florida law, as articulated in *Chiusolo*, requires that a plaintiff proffer some quantum of proof to defeat a motion to dissolve a *lis pendens*. *Id.* (citing *Chiusolo*, 614 So. 2d at 492 n.2).

By contrast, in *Regents Park Investments, LLC v. Bankers Lending Services, Inc.*, the court found the plaintiff made the minimal showing that is described in *Nu-Vision* of a fair nexus between the claim in litigation and the property's title. In that case, the plaintiff was the buyer, and the defendant was the seller, of five parcels of land in Miami-Dade County that were subject to "lot clearing" liens in favor of the City of Miami. *Regents Park Invs., LLC v. Bankers Lending Servs., Inc.*, 197 So. 3d 617, 619 (Fla. 3d DCA 2016). The liens rendered the title to the parcels unmarketable under a written contract for sale. *Id.* at 619. Defendant was unable to have the liens released before the date of the closing, and the plaintiff sued the defendant for specific performance under the contract for sale and recorded the *lis pendens* at issue in the case. *Id.* The court explained that because the plaintiff's claims arose out of a written contract for sale, the plaintiff provided interrogatory answers swearing it was prepared to close on the properties at issue, and there was evidence that the defendant was not able to close on the properties on account of the lot clearing liens, the plaintiff had established there was "at least some basis for the underlying claim [for specific performance] and a good faith basis to allege facts that would at least state a viable claim." *Id.* at 622.

*Nu-Vision* and *Regents* make clear that a showing of fair nexus requires that a proponent set forth a basis both for the underlying claim on which a notice of *lis pendens* is premised **and** a good faith basis for the proponent's allegations in his pleading. In other words, it is insufficient for a proponent of a *lis pendens* to possess an honest belief in his claim; rather, to establish a good

faith basis for allegations in a complaint, *Chiusolo* requires some proof, even if minimal, that supports the proponent's allegations that the property at issue is directly connected to the proponent's claim. Here, Plaintiff makes allegations to support its entitlement to a constructive trust on the Properties, but allegations alone are insufficient to maintain a *lis pendens*. *Nu-Vision*, 965 So. 2d at 235 ("The [*Chiusolo*] [c]ourt would not have needed to place the burden of proof on either party if there was nothing to prove—which would be the case if any allegation in a pleading that states a theoretical connection to the title in real property was sufficient to maintain a *lis pendens* throughout the litigation."). There must be some basis to support the imposition of a constructive trust, which requires proof that monies were obtained through fraud or egregious conduct. *In re Cameron*, 359 B.R. 818, 822 (Bankr. M.D. Fla. 2006) (citing *In re Chauncey*, 454 F.3d 1292, 1294 (11th Cir. 2006)). "In all circumstances, in order to warrant the imposition of an equitable lien, the funds, payment of which are to be secured by the equitable lien, must be directly traceable to the real property in question, having unjustly enriched the Debtor's interest in that property." *Feng v. Walsh*, No. 19-24138-CIV, 2021 WL 8055449, at *13 (S.D. Fla. Dec. 21, 2021) (citing *In re Johnson*, 336 B.R. 568, 572 (Bankr. S.D. Fla. 2006)), *report and recommendation adopted*, No. 1:19-CV-24138, 2022 WL 669198 (S.D. Fla. Mar. 7, 2022).

Here, Plaintiff alleges that (1) he transferred to Alsaloussi $5,880,000.00 on September 17, 2018, $5,500,00.00 on December 11, 2018, and $6,389,600.00 on or about April 12, 2021, (2) the Alsaloussi Defendants purchased the Other Properties, and (3) that—but for at least the funds that Plaintiff transferred to the Alsaloussi Defendants for the 7333 Property—the purchases of the Other Properties would not have been possible. *See* ECF No. [36]. However, Plaintiff attaches no documentation to the Amended Complaint that indicates that any monies Plaintiff provided to the Alsaloussi Defendants were used to purchase the Properties. As such, Plaintiff fails to offer any

proof that provides a basis either for a valid constructive trust claim or for a good faith basis for the proponent's allegations pertaining to that claim. *See, e.g.*, *Golden Shores Properties, LLC v. Santopietro*, 792 So. 2d 644, 646 (Fla. 3d DCA 2001) (finding "an unsworn complaint" does not constitute proof sufficient to support maintaining a notice of *lis pendens*). Absent such proof, Plaintiff must not be allowed to tie up the Other Properties with a *lis pendens*. *See Nu-Vision*, 965 So. 2d at 235 ("it would . . . be contrary to sound public policy to allow a *lis pendens* proponent to tie up real property belonging to another person when the proponent cannot even make a minimal showing that there is at least some basis for the underlying claim.")

Plaintiff relies on *Mitschke-Collande v. Kramer*, 869 So. 2d 1246 (Fla. 3d DCA 2004) for the proposition that adequately pled allegations are sufficient to maintain a *lis pendens*. The *Mitschke-Collande* court determined that the plaintiffs' unrecorded interest in the property at issue could be jeopardized by the trial court's order discharging the *lis pendens*. *Id.* at 1249-50. In addition, the court noted (1) the existence of a settlement agreement between the parties providing for defendant's return of the plaintiff-testator's property, including 20 million Deutschemarks, funds used by the defendant for any "private purposes," and certain real estate holdings in Florida (or to pay reasonable value for those holdings); and (2) an order from a Swiss trial court awarding DM116,498,407 plus interest for the value of the Florida real estate. *Id.* at 1248. Thus, in reversing the trial court's lifting of the *lis pendens*, the Third District determined that the settlement agreement and the Swiss trial court order provided both a basis for the underlying claim and a good faith basis for the allegations in the complaint. *Id.* Here, Plaintiff presents no evidence that the funds that the Alsaloussi Defendants used to purchase the Properties are directly traceable to funds Plaintiff provided to Alsaloussi. Thus, Plaintiff's reliance on *Mitschke-Collande* is misplaced because it undermines rather than supports his position.

Even if Plaintiff had provided some proof supporting that the Alsaloussi Defendants used funds obtained from Plaintiff to purchase the Other Properties, the notices of *lis pendens* must still be discharged because Plaintiff alleges no ownership interest in the Other Properties. *Pushko*, a case in which the plaintiffs filed a notice of *lis pendens* on five parcels of real property, illustrates why. In seeking to discharge the notice of *lis pendens*, the defendants asserted that the plaintiffs' claims were based on the defendants' alleged act of misappropriating $830,000.00, which did not directly affect the real property, and argued that the absence of a direct link between the misappropriation and the real property justified discharging the *lis pendens*. *Pushko*, 2006 WL 7994718, at *2. The court agreed, reasoning that, "at no point did Plaintiffs have any ownership interest in the five properties," so the properties were merely a vehicle through which the plaintiffs would be able to satisfy a judgment against the defendants. *Id.* As the court put it, "Plaintiffs are attempting to attach the properties before the judgment is rendered." *Id.* (citing *Patraka v. VSI International, Inc.*, 832 So. 2d 156, 158 (Fla. 4th DCA 2002) (affirming the discharge of a *lis pendens* without an evidentiary hearing where plaintiff alleged defendant improperly withdrew money from a corporation to purchase a home)).

Here, Plaintiff does not allege an ownership interest in the Other Properties "other than as a vehicle through which he will be able to satisfy the judgment he seeks against [Defendants]." *Patraka v. VSI Int'l, Inc.*, 832 So. 2d 156, 158 (Fla. 4th DCA 2002). Instead, Plaintiff alleges that Alsaloussi abused Plaintiff's trust and confidence in inducing him to transfer funds purportedly for investments in the Patent, Storm Industries' Middle East operations, and the 7333 Property. ECF No. [36] ¶¶ 52, 56, 77. The Other Properties are wholly unconnected to the Alsaloussi Defendants' alleged fraudulent conduct, and, at best, merely indirectly. Such allegations do not specifically or directly affect the Other Properties, so the *lis pendens* must be discharged as to

those properties.

### B. Request for Evidentiary Hearing

While Plaintiff contends that his allegations regarding the imposition of constructive trusts on the Properties are sufficient to maintain the *lis pendens*, Plaintiff nevertheless requests an evidentiary hearing to determine whether a "fair nexus" exists. ECF No. [37] at 15 (citing *Henry v. AIM Indus., LLC*, 352 So. 3d 939, 941 (Fla. 2d DCA 2022) and *Carollo v. Henderson*, 290 So. 3d 1088, 1090 (Fla. 5th DCA 2020)). In making that argument, Plaintiff proffers no evidence in support of maintaining the *lis pendens* and does not articulate what evidence he would offer at an evidentiary hearing that he has not offered in the briefing. The Alsaloussi Defendants respond that an evidentiary hearing should be denied as an attempt to delay a discharge of the *lis pendens* and would waste the Court and parties' resources. ECF No. [41] at 6.

In *Chiusolo*, the Florida Supreme Court stated, "we believed that the lis pendens cannot be dissolved if, in the evidentiary hearing on request for discharge, the proponent can establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit." *Chiusolo*, 614 So. 2d at 491. The Fourth District has explained that *Chiusolo* does not require that an evidentiary hearing always be held before a trial court discharges a *lis pendens*. *Patraka*, 832 So. 2d at 158. Where a plaintiff cannot establish a fair nexus as a matter of law, an evidentiary hearing is unnecessary. *See id.* As explained above, Plaintiff has set forth no good faith basis for the allegation that the Alsaloussi Defendants used Plaintiff's fraudulently obtained funds to purchase the Other Properties. Moreover, Plaintiff has failed to allege an ownership interest in the Other Properties. Accordingly, an evidentiary hearing is unnecessary.

*Henry* and *Carollo* are not to the contrary because those cases involved *lis pendens* proponents who alleged an ownership interest in the subject property. In *Henry*, the plaintiff alleged that he was a member of a limited liability company and that the main asset of the company

13

was a property on which he filed a *lis pendens*. *Henry*, 352 So. 3d at 940. As such, the plaintiff in *Henry* alleged an apparent legal or equitable ownership interest apart from one merely to satisfy a monetary judgment. Under those circumstances, *Henry* explained that "[d]ischarging a notice of lis pendens without affording the proponent notice and an opportunity to be heard is a departure from the essential requirements of law." *Id.* at 941. Similarly, in *Carollo*, the plaintiff alleged an ownership interest in the real property at issue and that he was a member of the company that was "formed to purchase" that property. Given those circumstances, the court in *Carollo* stated that "an evidentiary hearing is required on a motion to discharge a lis pendens when the plaintiff's action . . . is not founded on a duly recorded instrument or a chapter 713 lien, but instead alleges a nexus to the **affected real property**." *Carollo*, 290 So. 2d at 1090 (citation omitted and emphasis added). Here, there is an insufficient nexus to the Other Properties.

Accordingly, the Court denies Plaintiff's request for an evidentiary hearing.[4]

### C.  Attorneys' Fees and Costs

Relying on *Holovka v. Ocean 4660, LLC* and *DiPilato v. Rudd & Diamond, P.A.*, the Alsaloussi Defendants seek attorneys' fees and costs incurred in seeking a discharge of the *lis pendens*. ECF No. [33-1] at 12 (citing on *Holovka v. Ocean 4660, LLC*, No. 11-62456-CIV, 2012 WL 860390 (S.D. Fla. Mar. 13, 2012), and *DiPilato v. Rudd & Diamond, P.A.*, No. 10-62492-CIV, 2012 WL 626217 (S.D. Fla. Feb. 24, 2012)).[5] In *DiPilato*, the plaintiff failed to appear at the

---

[4] Because the Court discharges the *lis pendens* on the Properties, the Court will not require Plaintiff to post a *lis pendens* bond. *Med. Facilities Dev., Inc.*, 675 So. 2d at 918 (holding that the trial judge has broad discretion to require the proponent of a notice of *lis pendens* to post a bond when the notice is not based on a duly recorded instrument or construction lien in cases in which the property-holder defendant can show damage or injury will likely be suffered by that defendant in the event the notice was unjustified).

[5] *Holovka* relied on *DiPilato* in awarding attorneys' fees. *Holovka v. Ocean 4660, LLC*, 2012 WL 860390, at *1 (citing *DiPilato* for the proposition that the defendant was entitled to fees where the circumstances of the *DiPilato* court's discharge of the *lis pendens* in *DiPilato* where virtually identical to those in the case).

evidentiary hearing for the motion to discharge the *lis pendens* and did not otherwise present argument in support of maintaining the *lis pendens* prior to the defendant's motion for attorneys' fees. *DiPilato*, 2012 WL 626217, at *1.

The Florida Supreme Court has held that Section 48.23 permits a recovery of attorneys' fees incurred in obtaining a discharge of a *lis pendens*. *S & T Builders v. Globe Properties, Inc.*, 944 So. 2d 302, 305 (Fla. 2006). However, the Alsaloussi Defendants provide no legal authority supporting that an award of attorneys' fees is mandatory here. Unlike the plaintiffs in *Holovka* and *DiPilato*, and as the Court's discussion on Plaintiff's reliance on *Mitschke-Collande* demonstrates, Plaintiff has set forth a colorable—albeit unmeritorious—argument for maintaining a *lis pendens*. As such, the Court concludes that an award of attorneys' fees is not warranted.

### D. Plaintiff's Motion for Leave to Take the Deposition of Mohammed Alsaloussi and for Leave to File Response to Alsaloussi Defendants' Reply

Plaintiff contends that Defendants' Reply is an inaccurate statement of both fact and law and relies upon untested, misleading Declarations in support of Alsaloussi's contention that the notices of *lis pendens* should be dissolved. ECF No. [49] at 2. Further, Plaintiff objects that the Reply makes inflammatory remarks regarding Plaintiff and seeks the opportunity to respond to, and to test the veracity of, Defendants' Declarations. *Id*. Plaintiff repeats his argument that he has met his burden to maintain the notices of *lis pendens* on the Properties by adequately alleging facts supporting the *lis pendens*. *Id.* at 5. Plaintiff requests that the Court permit him to take the deposition of Alsaloussi and schedule an evidentiary hearing. *Id.* at 6. The Alsaloussi Defendants respond *inter alia* that Plaintiff's Motion is procedurally improper as an application for leave to file a sur-reply that raises no new arguments, and an evidentiary hearing is not required where Plaintiff does not have an ownership interest in the Other Properties. ECF No. [52] at 6-8.

Plaintiff's Motion fails to comply with Rule 7.1(a)(3) of the Local Rules of the United

15

States District Court for the Southern District of Florida because Plaintiff has not conferred or made a reasonable effort to confer with all parties in a good faith effort to resolve by agreement the issues raised in Plaintiff's Motion. S.D. Fla. L.R. 7.1(a)(3). Regardless, as the Court has explained, Plaintiff carries the burden to show a good faith basis by alleging sufficient facts on which the notices of *lis pendens* are premised. Plaintiff has failed to make that showing by presenting evidence that the funds the Alsaloussi Defendants used to purchase the Properties is directly traceable to any funds Plaintiff provided to Alsaloussi. *Nu-Vision*, 965 So. 2d at 235 ("[R]equiring the proponent to show that he or she has a good faith basis to allege the facts supporting a claim, and that the facts alleged would at least state a viable claim, if true, is completely consistent with the policy concerns articulated in *Chiusolo*"). To the extent Plaintiff argues that a deposition of Alsaloussi would provide a basis for a valid claim for the *lis pendens*, that request is misplaced as it would not change the allegations. Here, accepting the allegations of the Amended Complaint as true, there is no fair nexus to the Other Properties and no need for an evidentiary hearing. *Patraka*, 832 So. 2d at 158. Accordingly, Plaintiff's Motion must be denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. The Alsaloussi Defendants' request to discharge the *lis pendens* on the properties located at 2051 N. Bay Rd., Miami Beach, FL 33140 and 775 NE 77th Terrace, Miami, FL 33138 is **GRANTED**.

2. The notices of *lis pendens* on the properties located at 2051 N. Bay Rd., Miami Beach, FL 33140, 775 NE 77th Terrace, Miami, FL 33138, and 2040 Alton Rd., Miami Beach, FL 33140 are **DISCHARGED**.

3. Plaintiff's request for an evidentiary hearing is **DENIED**.

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

4. The Alsaloussi Defendants' request for attorneys' fees and costs is **DENIED**.

5. The parties are directed to file a Joint Scheduling Report pursuant to Local Rule 16.1 by **June 22, 2023**.

5. Plaintiff's Motion, **ECF No. [49]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 12, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record