UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

    Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; and ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

    Defendants.
_____/

**ORDER ON EXPEDITED MOTION TO ORDER PLAINTIFF
TO REMOVE *LIS PENDENS* AND POST A BOND**

**THIS CAUSE** is before the Court on Defendants Mohammed Alsaloussi ("Alsaloussi"), 775 NE 77th Terrace LLC ("775 LLC"), Alsaloussi Estate LLC, and Alsaloussi Holdings LLC's (collectively, the "Alsaloussi Defendants") Expedited Motion to Order Plaintiff to Remove *Lis Pendens* and Post a Bond. ECF No. [63] ("Motion"). In the Motion, the Alsaloussi Defendants request the Court enter an Order on an expedited basis requiring Plaintiff Christopher Drummond ("Drummond") to (1) immediately take the actions necessary to remove from the public record the *lis pendens* he filed on 2040 Alton Rd., Miami Beach, FL 33140 (the "2040 Property"), 2051 N. Bay Rd., Miami Beach, FL 33140 (the "2051 Property"), and 775 NE 77th Terrace, Miami, FL

33138 (the "775 Property") (collectively, the "Properties"); *and* (2) post a bond in the event he appeals the Court's Order dated June 12, 2023 discharging those *lis pendens*. ECF No. [63] ("Motion"). The Alsaloussi Defendants attach the Declaration of Mohammed Alsaloussi in support of the Motion ("Alsaloussi Declaration"), ECF No. [63-1], which includes four Exhibits, ECF Nos. [63-2] – [63-5]. Plaintiff Christopher Drummond ("Drummond") filed a Response in Opposition to the Motion wherein he requests an evidentiary hearing. ECF No. [67]. The Alsaloussi Defendants filed a Reply. ECF No. [70]. The Court has considered the Motion, the Declaration, the Exhibits, the Response, the Reply, the record in the case, the applicable law, and is otherwise duly advised. For the following reasons, the Motion is denied without prejudice.

## I. BACKGROUND

The Court assumes the parties' familiarity with the record in this case but restates pertinent procedural history. On June 13, 2023, the Court entered an Omnibus Order that discharged the notices of *lis pendens* on the Properties. ECF No. [55] ("Discharge Order"). On June 16, 2023, Drummond's counsel sent a letter to the Alsaloussi Defendants asserting that "the *lis pendens* on the Properties remain in full force and effect until the expiration of the time for appeal or, if an appeal is filed, a final judicial ruling discharging the *lis pendens*." ECF No. [63-2] at 2.

Ten days later, the Alsaloussi Defendants filed the instant Motion, arguing that Drummond should post a bond if he appeals the Discharge Order and "take all necessary actions to have [the *lis pendens*] released and/or discharged from the public record" in order to safeguard their rights as owners of the Properties. ECF No. [63] at 3. The Alsaloussi Defendants also contend that the *lis pendens* (1) place them at risk of foreclosure and liability for default interest, (2) caused the buyer of the 2040 Property and 2051 Property to cancel the contracts for sale of those properties, and (3) subject them to the risk that "market conditions" will change, meaning that the value of the Properties may decrease over time. *Id.* at 4.

In support, the Alsaloussi Defendants filed the Alsaloussi Declaration and the Exhibits. *See* ECF No. [63-1]. The Alsaloussi Defendants provide two contracts of sale for the 2040 Property and 2051 Property that are entirely redacted except for the purchase prices, $8,000,000.00 and $1,550,000.00 respectively. ECF Nos. [63-3] and [63-4]. They also provide a printout of a listing for the 775 Property from the website, www.trulia.com, showing an asking price of $9,450,000.00. ECF No. [19-16] at 2. The Alsaloussi Defendants also provide a copy of an email that shows the buyer of the 2051 Property and 2040 Property purported to cancel the contracts of sale for those properties on account of the *lis pendens*. *See* ECF No. [63-1] ¶ 7; *see also* ECF No. [63-5] at 3 ("Please see attached cancellation for both properties. Unfortunately, the counter on addendum items from the seller was not acceptable to our client. Please let us know how the litigation proceeds and once resolved we may have an opportunity to put the deal back together depending on timing."). For those reasons, the Alsaloussi Defendants calculate that Drummond should post a bond of $19,000,000.00. ECF No. [63] at 5.

That same day, the Court ordered an expedited Response, ECF No. [65], and Drummond appealed the Discharge Order, ECF No. [66].

On June 28, 2023, Drummond filed its Response. *See* ECF No. [67]. Drummond argues its appeal maintains a cloud on the title of the Properties, that there is no basis to "remove" a *lis pendens* from the public records, and that the recordation of a "final judicial ruling" "resolv[es]" the cloud on the titles. *Id.* at 2. Drummond further responds that an evidentiary hearing is required should the Court in its discretion order him to post a bond. *Id.* at 2-3. Drummond contends that the amount of that bond is the harm that the Alsaloussi Defendants prove stems from the *lis pendens*, as measured by the difference in the fair market value of the Properties from the time of the filing of the *lis pendens* to the "likely fair market value at the time of its final determination." *Id.*

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

The Alsaloussi Defendants reply that an evidentiary hearing is unnecessary because they have provided sufficient record evidence of the "contracted price" for the Properties, a value which constitutes the best measure for the bond amount. ECF No. [70] at 3-4.

## II. DISCUSSION

### A. *Release of Lis Pendens and Filing a Lis Pendens Bond*

In the Motion, the Alsaloussi Defendants contend the Court should follow *Holovka v. Ocean 4660, LLC*, No. 11-62456-CIV, 2011 WL 6721349 (S.D. Fla. Dec. 21, 2011) and *Frank v. Ocean 4660, LLC*, No. 11-62004-CIV, 2011 WL 5082137, at *4 (S.D. Fla. Oct. 26, 2011) ("*Frank*"), and require Drummond to immediately take action necessary to release and/or discharge the *lis pendens and* file a *supersedeas* bond on the docket. ECF No. [63] at 2-3.

In *Holovka*, the court discharged a notice of *lis pendens*. *Holovka v. Ocean 4660, LLC*, No. 11-62456-CIV, 2011 WL 6721349, at *3 (S.D. Fla. Dec. 21, 2011). *Holovka* observed that an appeal of the court's order would "effectively perpetuate the *lis pendens*" and preclude the defendant from completing a pending sale of the real estate at issue. *Id.* at *4. For that reason, the court determined that the plaintiff should immediately post a bond to cover damages resulting if his failure to discharge the *lis pendens* caused the contract for sale of the subject property not to close. *Id.* In reaching this determination, the court relied on the reasoning in *Frank* and *DiPilato v. Rudd & Diamond, P.A.*, No. 10-cv-62492-JIC, 2011 WL 5084668 (S.D. Fla. Oct. 25, 2011) ("*Rudd & Diamond*"). Accordingly, the court ordered and adjudged that (1) the *lis pendens* on the subject property was discharged, (2) the plaintiff must have filed a *supersedeas* bond, (3) "take the necessary action to release and/or discharge the '*Lis Pendens* Notice of Pendency' filed in the records of Broward County, Florida," and (4) that failure to timely file the bond would result in the release of the above-mentioned "*Lis Pendens* Notice of Pendency." *Id.*

Thus, under *Holovka*, where a court has discharged a *lis pendens* and the *lis pendens*

4

proponent appeals, that proponent should post a bond. This approach is an appropriate one given the case of *Rudd & Diamond*, upon which the court in *Holovka* relied. There, defendant Ocean 4660 requested that the court require plaintiff to post a *supersedeas* bond *or* compel release of the *lis pendens* because, under Florida law, the pendency of an appeal effectively operates to stay the discharge of a *lis pendens*. *Rudd & Diamond*, 2011 WL 5084668, at *1. The court doubted that Florida law governed Ocean 4660's request. *See id.*[1] Nevertheless, the court assumed the rule in Florida that bars a court from compelling the release of a *lis pendens* during the pendency of an interlocutory appeal is substantive, not procedural, so declined to order the plaintiff to do so. *Id.* Nevertheless, the Court noted federal procedural law applied, observing that Rule 62 requires that the appellant post a bond to stay a judgment when an appeal is filed. *See id.*; *see also* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.").

Because *Holovka*, relying on *Rudd & Diamond*, applied Florida law in resolving whether a release of a *lis pendens* is stayed, it follows that the court's direction regarding the release of the *lis pendens* are directions that apply immediately after an appeal is adjudicated. If the orders in *Holovka* and *Rudd & Diamond* included directions to the proponents of the *lis pendens* to take actions to release a *lis pendens* during the pendency of an appeal, those orders would contradict their reasoning, which is premised on the assumption that a *lis pendens* cannot be released. Thus, the Court declines at this juncture to order Drummond to take further action to release the *lis*

---

[1] The court's doubt stemmed from whether the rule that an interlocutory appeal automatically stays the release of a *lis pendens* under Florida law is a procedural or substantive one under *Erie Doctrine*. *See, e.g.*, *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) (explaining that a federal court exercising diversity jurisdiction engages in a two-step inquiry to determine whether a Florida statute is applicable and that, in the first step, the court determines "whether the matter at hand is procedural or substantive for *Erie R.R. Co. v. Tompkins* purposes.").

*pendens* pending his appeal.

### B. Entitlement to and Amount of Lis Pendens Bond

The Alsaloussi Defendants contend a *lis pendens* bond "should bear a reasonable relationship to the amount of damages which the property-holder . . . demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified." ECF No. [63] at 5 (quoting *Med. Facilities Dev.*, 675 So. 2d 915, 918 n.2 (Fla. 1996)). The Alsaloussi Defendants assert that such damages are "best determined by the amount of the contracted price for the property." *Id.* (quoting *Pierre v. Charles*, No. 14-61337-CIV, 2014 WL 5406886, at *3 (S.D. Fla. Oct. 21, 2014) (quoting *Holovka*, 2011 WL 6721349, at *4)).

Drummond responds that the Motion fails to demonstrate potential loss or damage that will likely be incurred if the *lis pendens* is unjustified. ECF No. [67] at 7-9. Drummond also argues that a bond of $19,000,000.00, based on the combined sale price for the Properties, is contrary to law because it does not reflect "the difference between the fair market value at the time of the filing of lis pendens and the fair market value at the time of its termination, plus any consequential damages." *Id.* at 9 (citing *inter alia Santa Catalina Townhomes, Inc. v. Mirza*, 925 So. 2d 1147, 1148 (Fla. 4th DCA 2006) and *Haisfield v. ACP Fla. Holdings, Inc.*, 629 So. 2d 963, 966 (Fla. 4th DCA 1993)).

The Alsaloussi Defendants reply that a bond equal to the contract price of the Properties is "absolutely necessary" and is supported by Alsaloussi's Declaration and Exhibits. ECF No. [70] at 3-5.

In *Holovka*, the court noted that Ocean 4660 had entered into an agreement to sell the property at issue to a non-party for $13,250,000.00. *Holovka*, 2011 WL 6721349, at *1. That agreement provided for a 60-day period to resolve any title issues and permitted the purchaser to terminate the agreement if any title issues were unresolved within that period. *Id.* Moreover, the

non-party purchaser identified the *lis pendens* as such a title issue. *Id.* In setting a bond, the court observed that the *lis pendens* could result in the contract for sale of the subject property not closing. *Id.* at *4. Relying on the reasoning in *Rudd & Diamond*,[2] and in accordance with its observation that the *lis pendens* imperiled the sale of the subject property, the court determined that "the amount of bond is best determined by the amount of the contracted price for the [subject] property, $13,250,000.00." *Holovka*, 2011 WL 6721349, at *4.

*Holoyka* demonstrates that, where there is a contract for sale of a property that is subject to a *lis pendens* and the order discharging that *lis pendens* is on appeal, a bond in the amount of the contract sale price is appropriate to safeguard the property holder's rights to the proceeds from a sale from the risk that the sale will not close.

Here, the Alsaloussi Defendants provide contracts for sale for the 2040 Property and the 2051 Property, the contract prices of which are $8,000,000.00 and $1,550,000.00 respectively. ECF Nos. [63-3] and [63-4]. Except for the sale prices, the sales contracts for the 2040 Property and 2051 Property are entirely redacted. ECF Nos. [63-3] and [63-4]. They do not provide a contract for sale for the 775 Property but instead provide the listing price for that property from www.trulia.com. ECF No. [19-16] at 2. The Alsaloussi Defendants provide an email where the prospective purchaser of these properties writes, "the counter on addendum items from the seller was not acceptable to our client. Please let us know how the litigation proceeds and once resolved we may have an opportunity to put the deal back together depending on timing." ECF No. [63-5]

---

[2] In *Rudd & Diamond*, a case which concerned the same defendant (Ocean 466), same subject property (4658-4660 North Ocean Drive, Lauderdale-by-the Sea, Florida), and same contract for sale (for $13,250,000.00), the court concluded that a *supersedeas* bond was appropriate. *Rudd & Diamond*, 2011 WL 5084668, at *1. Specifically, the court observed that Rule 62 of the Federal Rules of Civil Procedure provides that an appellant "normally can only obtain a stay by posting a *supersedeas* bond," and it found that Rule applied even as it assumed an appeal of an order discharging a *lis pendens* was a rule of substantive Florida law. In other words, *Rudd & Diamond* concluded the Federal Rules of Civil Procedure *required* the plaintiff to post a bond contemporaneously with its appeal.

at 3. The circumstances here differ from those in *Holovka* in that the Court does not have before it the terms of the contracts for sale for the 2040 Property and 2051 Property. Nevertheless, the prospective buyer has identified the *lis pendens* as a title issue that must be resolved before the Alsaloussi Defendants and the buyer can "put the deal back together," suggesting that the contracts for sale require that the title to these Properties be free and clear of any encumbrances. *Id.* In any event, the Court need not review the terms of the contracts for sale because the purpose of an appeal bond is to safeguard the Alsaloussi Defendants' rights to the proceeds from the sales of the Properties. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).[3] As such, the amount of the bond should be the sum of the contract price for the 2040 Property and the 2051 Property, $9,550,000.00.[4]

Drummond argues that, because the terms of the sales contracts are redacted and the buyer indicated that it did not agree to certain "addendum items," the Court cannot determine whether the *lis pendens* are harming the Alsaloussi Defendants. ECF No. [67] at 8. However, *Holovka* makes clear in this case that an appeal bond is proper since the *lis pendens* presents a risk that the sale of some of the Properties will not close. The existence of that risk justifies the imposition of an appeal bond. *Holovka*, 2011 WL 6721349, at *4 (requiring plaintiff to post a bond if he appeals "to cover the **potential** damages **if** his failure to discharge the *lis pendens* causes the contract for sale of the subject property not to close") (emphasis added).

Drummond also argues that this Court should not follow *Holovka* and *Rudd & Diamond* because *Holovka* relied on *Rudd & Diamond* and the latter opinion "provides no reasoning" for

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

[4] However, the Court will not add the listing price for the 775 Property because the Alsaloussi Defendants provide no legal authority supporting that a listing price is the proper measure of an appeal bond. *Holovka* used the contract sale price to determine the amount of a bond should the plaintiff have appealed, not a listing price.

8

the proposition that the bond amount is "best determined by the amount of the contracted price for the property." ECF No. [67] at 8 n.4 (quoting *Rudd & Diamond*). The Court disagrees. *Rudd & Diamond* set the bond amount in that case based on the contract price for the subject property and explained that the *lis pendens* risked depriving Ocean 4660 of the proceeds of the sale of that property. *Rudd & Diamond*, 2011 WL 5084668, at *1. *Holovka* clarified that the appeal bond in that case was imposed specifically to safeguard the potential proceeds of the sale that was frustrated by a *lis pendens*. *Holovka*, 2011 WL 6721349, at *4. For the reasons stated, the Court finds that reasoning persuasive and consistent with Eleventh Circuit precedent.

In its Response, Drummond asserts that the entitlement to and amount of an appeal bond is governed by Florida law, as articulated by *Haisfield* and its progeny. ECF No. [67] at 2-5, 9. However, as the court in *Rudd & Diamond* indicated, it is not necessarily clear Florida law applies to the bond in this case. As the Eleventh Circuit has explained, a federal court exercising diversity jurisdiction "will not apply a state statute if a Federal Rule of Civil Procedure 'answers the question in dispute.'" *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349 (11th Cir. 2018) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). As noted in *Rudd & Diamond*, Rule 62 establishes the procedures that govern the posting of *supersedeas* bonds in federal court. *See* Fed. R. Civ. P. 62(b) (providing that a stay takes effect after the period to file an appeal where a party provides a bond and "the court approves the bond"). Drummond has presented no argument that the entitlement to and amount of an appeal bond is a subject of substantive Florida law. As such, the Court disagrees that *Haisfield* and like Florida cases apply to a *supersedeas* bond and decides to follow *Holovka*.[5]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[5] Giving that federal procedural law governs, the Court disagrees that it is bound by the requirement in Florida law that the Court set an evidentiary hearing to determine the amount of the bond.

9

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

1. The Motion, **ECF No. [63]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Alsaloussi Defendants' request to order Drummond to take immediate action to release the *lis pendens* is **DENIED**.

3. The Alsaloussi Defendants' request for the Court to Order Drummond to post a bond is **DENIED IN PART**.

4. Plaintiff shall file a *supersedeas* bond in the amount of **$9,550,000.00** and file a notice of compliance no later than July 24, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record