UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

    Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; *and* ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

    Defendants.
_____/

## **ORDER TO SHOW CAUSE REGARDING DIVERSITY JURISDICTION**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 12, 2023, Defendants Mohammed Alsaloussi *a/k/a* Mohamed Essam El Saloussy, *a/k/a* Mohamed El Saloussy, individually ("Alsaloussi"); 775 NE 77th Terrace, LLC, a Florida limited liability company ("775 LLC"); Alsaloussi Estate, LLC, a Florida limited liability company ("Alsaloussi Estate"); and Alsaloussi Holdings, LLC, a Florida limited liability company ("Alsaloussi Holdings") (collectively, the foregoing named Defendants are the "Alsaloussi Defendants," and Alsaloussi Estate, and Alsaloussi Holdings are the "Alsaloussi Shell Companies") removed the above-styled action from the Eleventh Judicial Circuit Court of the State of Florida, County of Miami-Dade, Case No. 2023-003962-CA-01. ECF No. [1] at 1. Counsel for the Alsaloussi

Defendants represent that they timely removed this action pursuant to 28 U.S.C. § 1446(b), and that then-Defendants Velocity and Yellow Hammock LLC consented to the removal. *Id.* ¶¶ 2, 3, 5.[1] Counsel for the Alsaloussi Defendants also made the following representations:

> Upon information and belief, Plaintiff Christopher Drummond is a natural person who is a citizen of Alabama.
>
> Defendant Alsaloussi is a natural person who is a citizen of Canada.
>
> Defendant 775 NE 77th Terrace LLC is a Florida limited liability company of which Alsaloussi, a citizen of Canada, is the sole member.
>
> Defendant Alsaloussi Estate LLC is a Florida limited liability company of which Alsaloussi, a citizen of Canada, is the sole member.
>
> Defendant Alsaloussi Holdings LLC is a Florida limited liability company of which Alsaloussi, a citizen of Canada, is the sole member.
>
> Upon information and belief, Defendant Yellow Hammock LLC is a Delaware limited liability company whose members are not citizens of Alabama or Florida.
>
> Upon information and belief, Defendant Velocity Commercial Capital, LLC is a California limited liability company of which Velocity Financial Inc., a corporation formed in Delaware and having its principal place of business in California, is the sole member.
>
> Upon information and belief, Defendant LC 04 Special, LLC is a Delaware limited liability company with offices in New York, London, Miami, and Rio de Janeiro, and Sao Paulo. Prior to filing this Notice of Removal, the Alsaloussi Defendants reviewed publicly available information which revealed no connections between Defendant LC 04 Special, LLC and Alabama, but its members are not publicly known. Accordingly, upon and information belief, LC 04 Special, LLC is not a citizen of Alabama and thus its citizenship is diverse from Plaintiff's.

ECF No. [1] ¶¶ 8-15 (footnote and paragraph numbers omitted). In reliance on those representations, the Court entered an Order on Post-Removal Procedures on April 12, 2023 that was docketed on April 14, 2023. ECF No. [10] ("April 12, 2023 Order"). In the April 12, 2023

---

[1] The Alsaloussi Defendants further represent that they received no response from then—Defendant LC 04 Special, LLC regarding their consent to removal. *Id.* ¶ 7. Defendants Yellow Hammock LLC and LC 04 Special, LLC were subsequently terminated from this case following Drummond's filing of an Amended Complaint, ECF No. [36].

Order, the Court allowed Drummond to file a motion to remand the case on or before May 12, 2023. *Id.* ¶ 4. The Court noted that no party can waive the objection of lack of federal subject-matter jurisdiction and that any party can exercise the right to secure a remand of an action to state court when there is no federal subject-matter jurisdiction over the action that has been removed to federal court. *Id.* ¶ 4 n.2 (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1280 (11th Cir. 2005) (noting in addition responsibility of court to raise issue of jurisdiction *sua sponte*)). The record does not show that Drummond filed a motion to remand the action. Instead, on May 12, 2023, Drummond filed a motion for an extension of time to file an Amended Complaint. ECF No. [31]. The Court granted the motion in part and denied in part, explaining that Drummond may file an Amended Complaint by May 19, 2023 pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and that Drummond may otherwise respond to a Motion to Dismiss, ECF No. [19], that was then pending by May 26, 2023. ECF No. [34].

On May 19, 2023, Plaintiff Christopher Drummond ("Drummond") filed an Amended Complaint in this action against the Alsaloussi Defendants and Defendants LC 4.4 775 NE 77TH Terrace, LLC ("LC Terrace" or "775 Lender") and Velocity Commercial Capital, LLC ("Velocity" or the "2051 Lender"). Amend. Compl. at 1, ECF No. [36]. The Amended Complaint alleges the following concerning the Court's jurisdiction to hear this action:

> This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.
>
> . . .
>
> Plaintiff is an individual . . . residing in Miami-Dade County, Florida . . . .
>
> Alsaloussi is an individual . . . residing in Miami-Dade County, Florida . . . .
>
> Alsaloussi is a Canadian citizen . . . .

3

> Because Alsaloussi is a Canadian citizen, and he is the sole member of the Alsaloussi Shell Companies, the Alsaloussi Shell Companies are also citizens of Canada.
>
> 775 LLC is a Florida limited liability company with its principal place of business . . . in Miami-Dade County, Florida. . . .
>
> LC 4.4 775 NE 7[th] Terrace, LLC is a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida. . . .
>
> Velocity Commercial Capital, LLC is a California limited liability company with its principal place of business in Los Angeles County, California. . . .
>
> Alsaloussi Holdings is a Florida limited liability company with its principal place of business . . . in Miami-Dade County, Florida.
>
> Alsaloussi Holdings' . . . sole Managing Member is Alsaloussi.
>
> Alsaloussi Estate is a Florida limited liability company with its principal place of business . . . in Miami-Dade County, Florida.
>
> Alsaloussi Estates' . . . sole Managing Member is Alsaloussi Holdings.

Amend. Compl. ¶¶ 1, 3-7, 9, 10-14 (paragraph numbers omitted).

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"Federal jurisdiction based upon diversity exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs." *Wood v. Netflix, Inc.*, No. 8:22-CV-2431-CEH-AAS, 2023 WL 3584080, at *1 (M.D. Fla. May 8, 2023) (citing 28 U.S.C. § 1332(a)(1)). Accordingly, each defendant must be diverse from each

plaintiff under 28 U.S.C. § 1332. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). The citizen of a natural person—as opposed to a juridical person such as a corporation or partnership—is their "domicile" for purposes of diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]" *Id.* at 1257-58 (quotations and citations omitted). As for juridical persons, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MPH, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Plaintiff has a "duty to establish diversity jurisdiction." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017).

The Amended Complaint alleges diversity jurisdiction but inadequately alleges the citizenship of the parties. *First*, the Amended Complaint alleges the residence, but not the domicile, of Drummond. *See* Amend. Compl. ¶ 3. *Second*, the Amended Complaint does not allege all the members of 775 LLC, or at least does not specify that the managing member is the sole member of 775 LLC. *See id.* ¶¶ 7, 8. *Third*, the Amended Complaint does not allege the members of LC Terrace. *See id.* ¶ 9. *Fourth*, the Amended Complaint does not allege the members of Velocity. *See id.* ¶ 10. *Fifth*, the Amended Complaint does not allege that Alsaloussi Holdings and Alsaloussi Estate's sole managing member, Alsaloussi, is their sole member. *See id.* ¶ 11-14. *Finally*, the Amended Complaint's references to the principal place of businesses of the LLC Defendants interjects ambiguity. *See Wilkins v. Stapleton*, No. 617CV1342ORL37GJK, 2017 WL

11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Time and again, counsel's submissions improperly allege an individual's residency instead of citizenship and an unincorporated business entity's (LLCs, e.g.) 'principal place of business' instead of the identity and citizenship of every individual member."). As such, the Court determines that diversity jurisdiction has not been adequately alleged.

Accordingly, it is **ORDERED AND ADJUDGED** that, **on or before July 24, 2023**, Drummond shall **SHOW CAUSE** that this case should not be dismissed for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record