UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

 Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; *and* ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

 Defendants.
_____/

## SECOND ORDER TO SHOW CAUSE REGARDING DIVERSITY JURISDICTION

**THIS CAUSE** is before the Court upon Plaintiff Christopher Drummond's ("Drummond" or "Plaintiff") Response to Order to Show Cause Regarding Diversity Jurisdiction. ECF No. [87] ("Response").

On July 20, 2023, the Court entered an Order that required Drummond to show cause that the above-styled action should not be dismissed for lack of subject matter jurisdiction. ECF No. [83] at 6.[1] In his Response, Drummond states he is domiciled in Florida, as evidenced by his valid

---

[1] In the Amended Complaint filed in this action, ECF No. [36], Drummond alleged that (1) Plaintiff is an individual residing in Miami-Dade County, Florida and that (2) Defendant LC 4.4 775 NE 77th Terrace, LLC (LC 4.4) is "a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida." ECF No. [36] ¶¶ 3, 9. The Court found these and other allegations insufficient to properly invoke the Court's subject matter jurisdiction. *See generally* ECF No. [87].

Florida driver's license, that he votes in the state, and maintains a primary residence from which he conducts personal and financial affairs. ECF No. [87] at 4. Drummond's Declaration supports the representations in his Response. ECF No. [87-1] ¶¶ 2-7. Drummond represents that Defendant Mohammed Alsaloussi is a Canadian citizen and that Defendant Velocity Commercial Capital, LLC ("Velocity") is a citizen of Delaware and California based on the citizenship of its sole member, Velocity Financial, Inc. ECF No. [87] ¶¶ 2, 3, 8 n.2.[2] Drummond further states that "[b]efore filing the Amended Complaint, Plaintiff learned that a corporate affiliate of LC 04—namely, LC 4.4 NE 77 Terrance LLC ('LC 4.4')—has been assigned the mortgage for the property located at 775 NE 77th Terrace LLC, one of the properties in this action." *Id.* ¶ 6. Plaintiff accordingly substituted LC 4.4 for LC 04 as a Defendant. Drummond undertook to remedy the jurisdictional allegations and, in doing so, learned from LC 04's counsel that "(i) LC 04 and LC 4.4 share common ownership, and (ii) LC 4.4 has at least one member who is a citizen of Florida, thus stripping diversity because . . . Drummond is also a citizen of Florida." *Id.* ¶ 8. As such, Counsel for Drummond avers that complete diversity is lacking in this action and submits that "the appropriate action is to remand the case to state court." *Id.* ¶ 10 (citing 8 U.S.C. § 1447(e); *Valencia v. Wal-Mart Stores, Inc.*, No. 23-cv-20862-BLOOM/Otazo-Reyes, 2023 WL 3172532, at *1 (S.D. Fla. May 1, 2023)).

The Court notes that Defendant Velocity filed a Crossclaim against Defendant Mohammed Alsaloussi and a Counterclaim against Drummond after this action was removed. ECF No. [50]. Velocity's Counterclaim alleges that this Court has diversity jurisdiction as there is "complete diversity between the parties and the amount in controversy exceeds $75,000." Counterclaim ¶ 1, ECF No. [50]. Based on the record, there is complete diversity as between Velocity, Mohammed

---

[2] *See* ECF No. [1] ¶¶ 10-12.

Alsaloussi, and Drummond. However, 28 U.S.C. § 1447 provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see also Amason & Assocs., Inc. v. Core Tuscaloosa 519-611 Red Drew, LLC*, 472 F. Supp. 3d 1116, 1118, 1123 (N.D. Ala. 2020) (granting motion to remand action to state court in case where defendant filed counterclaims against plaintiff in federal court after removal). Accordingly, the Court concludes it is appropriate for Velocity to show cause as to why this action should not be remanded to state court in its entirety.

Moreover, the Court also notes that Velocity filed a Notice of Voluntary Dismissal of Crossclaim Without Prejudice pursuant to Rule 41(c) of the Federal Rules of Civil Procedure. ECF No. [84] ("Notice"). However, the Eleventh Circuit has explained that "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Moreover, Rule 41(c) states "[t]his rule applies to a dismissal of any . . . crossclaim[.]" As such, Velocity must advise the Court on whether its Notice dismissing its sole Crossclaim effectively dismisses without prejudice its "action" against Mohammed Alsaloussi.

Accordingly, it is **ORDERED AND ADJUDGED** that Velocity shall show cause by **July 28, 2023** as to why this case should not be remanded to state court based on Drummond's assertion that complete diversity is lacking in this action and whether Velocity has effectively dismissed the Crossclaim.

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record