UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-21379-BLOOM/Otazo-Reyes**

CHRISTOPHER DRUMMOND,

      Plaintiff,

v.

MOHAMMED ALSALOUSSI,
*individually*; YELLOW HAMMOCK
LLC, *a Delaware limited liability
company*; 775 NE 77TH TERRACE
LLC, *a Florida limited liability company*;
ALSALOUSSI ESTATE LLC, *a Florida
limited liability company*; *and* ALSALOUSSI
HOLDINGS, LLC, *a Florida limited
liability company, jointly and severally*; LC
04 SPECIAL, LLC, *a Delaware limited
liability company*, *and* VELOCITY
COMMERCIAL CAPITAL, LLC;

      Defendants.

_____/

## ORDER REMANDING CASE

      **THIS CAUSE** is before the Court upon Plaintiff Christopher Drummond's ("Drummond"

or "Plaintiff") Response to Order to Show Cause Regarding Diversity Jurisdiction, ECF No. [87]

("Response"), and the Alsaloussi Defendants' Motion for an Order Denying Plaintiff's Remand

Request and, Alternatively, Granting Leave to Conduct Jurisdictional Discovery. ECF No. [99-1]

("Alsaloussi Defendants' Motion"). For the reasons below, the Court remands this action to the

Eleventh Judicial Circuit Court of the State of Florida.

      On July 20, 2023, the Court entered an Order that required Drummond to show cause that

the above-styled action should not be dismissed for lack of subject matter jurisdiction. ECF No.

[83] at 6.[1] In his Response, Drummond states he is domiciled in Florida, as evidenced by his valid Florida driver's license, the fact that he votes in the state, and maintains a primary residence from which he conducts personal and financial affairs. ECF No. [87] at 4. Drummond's Response is supported by his Declaration ("Drummond Declaration") dated July 24, 2023. *See* ECF No. [87-1] ¶ 2 ("Since about 2014, I have maintained a primary residence in Florida. . . . I consider Florida to be my primary state of residence and domicile."); ¶ 3 (I have a valid Florida's driver's [license] and do not maintain a driver's license from any other state"); ¶ 4 ("I have voted in Florida for the past several years"); ¶ 5 ("[t]o the broader world, I hold out my Florida residential address as primary."); *see also* ¶¶ 6, 7 (representing that Florida was state of residence and domicile at the time of filing Complaint and Amended Complaint).

Drummond represents that Defendant Mohammed Alsaloussi is a Canadian citizen and that Defendant Velocity Commercial Capital, LLC ("Velocity") is a citizen of Delaware and California based on the citizenship of its sole member, Velocity Financial, Inc. ECF No. [87] ¶¶ 2, 3, 8 n.2.[2] Drummond further states that "[b]efore filing the Amended Complaint, Plaintiff learned that a corporate affiliate of LC 04—namely, LC 4.4 NE 77 Terrance LLC ('LC 4.4')—has been assigned the mortgage for the property located at 775 NE 77th Terrace LLC, one of the properties in this action." *Id.* ¶ 6. Plaintiff accordingly substituted LC 4.4 for LC 04 as a Defendant. Drummond undertook to remedy the jurisdictional allegations and, in doing so, learned from LC 04's counsel that "(i) LC 04 and LC 4.4 share common ownership, and (ii) LC 4.4 has at least one member who is a citizen of Florida, thus stripping diversity because . . . Drummond is also a citizen of Florida."

---

[1] In the Amended Complaint filed in this action, ECF No. [36], Drummond alleged that (1) Plaintiff is an individual residing in Miami-Dade County, Florida and that (2) Defendant LC 4.4 775 NE 77th Terrace, LLC (LC 4.4) is "a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida." ECF No. [36] ¶¶ 3, 9. The Court found these and other allegations insufficient to properly invoke the Court's subject matter jurisdiction. *See generally* ECF No. [87].

[2] *See also* ECF No. [1] ¶¶ 10-12.

*Id.* ¶ 8. As such, Counsel for Drummond avers that complete diversity is lacking in this action and submits that "the appropriate action is to remand the case to state court." *Id.* ¶ 10 (citing 8 U.S.C. § 1447(e); *Valencia v. Wal-Mart Stores, Inc.*, No. 23-cv-20862-BLOOM/Otazo-Reyes, 2023 WL 3172532, at *1 (S.D. Fla. May 1, 2023)).

On July 28, 2023, the Alsaloussi Defendants filed their Motion. ECF No. [99] ("Alsaloussi Defendants' Motion"). The Alsaloussi Defendants contend Drummond is a citizen Alabama, not Florida, because the attachments to the Motion show that he has a physical presence in Alabama and an intention to remain in Alabama indefinitely. ECF No. [99-1] at 4-6. Moreover, the Alsaloussi Defendants assert that Drummond's assertion that LC 4.4 is a citizen of Florida is vague, justifying jurisdictional discovery as to LC 4.4 as well as Drummond. *Id.* at 7.

The attachments to the Alsaloussi Defendants' Motion demonstrates the following. A warranty deed executed on January 31, 2022 shows Drummond is the grantee of a property located at 2817 Shook Hill Road, Mountain Brook, Alabama 35223, and maintains an address at that property. ECF No. [99-4] at 1. An SMS conversation on January 31, 2022 shows that Drummond told Alsaloussi that he "[j]ust finalized everything with the house[.]" ECF No. [99-5] at 2. Another warranty executed on April 13, 2022 shows that Drummond is also the grantee of a property located in Jefferson County, Alabama. ECF No. [99-6] at 1. That same day, Drummond told Alsaloussi via SMS that he "[c]losed on [a] condo and changed air filters at [the] house. Now going through all the mail that was delivered the past 3 months lol." ECF No. [99-7] at 2.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291 (1947)).

Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Fam. Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

As the Eleventh Circuit has explained, diversity jurisdiction exists over a controversy between citizens of different states. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing 28 U.S.C. § 1332(a)). The citizenship of an individual for purposes of diversity jurisdiction is equivalent to domicile. *Id.* (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). A change of domicile requires a concurrent showing of physical presence at the new location with an intention to remain there indefinitely. *Id.*

The Court notes that the warranty deeds and SMS conversations filed with the Alsaloussi Defendants' Motion do not conclusively establish that Drummond concurrently maintained a physical presence in Alabama and possessed an intent to remain indefinitely there, either at the time he filed the Complaint or Amended Complaint. At most, those filings raise a doubt as to whether Drummond—contrary to his Declaration—is domiciled in Florida. Moreover, the Alsaloussi Defendants bear the burden of showing that there is diversity of citizenship between Drummond and LC 4.4. *See McCormick*, 293 F.3d at 1257. The Alsaloussi Defendants so far have not done so despite having been afforded the opportunity to do so. As such, it is doubtful this Court has jurisdiction over this action.

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

Recognizing the absence of evidence establishing subject matter jurisdiction, the Alsaloussi Defendants request that this Court permit jurisdictional discovery, citing authority both within and outside the Eleventh Circuit in support. *See* ECF No. [99-1] at 8. However, only one of those cases is within the Eleventh Circuit and concerns removal, and the Alsaloussi Defendants' reliance on that case is misplaced. *See Empirian Health, LLC v. Specialty RX, Inc.*, No. 2:22cv639-MHT, 2022 U.S. Dist. LEXIS 218402, at *1 (M.D. Ala. Dec. 5, 2022). In *Empirian Health*, the parties represented during a conference call with the court that they did not know the identity of the members of the plaintiff limited liability corporation. *Id.* at *1-2. Here, in contrast, counsel for Drummond has represented that LC 4.4 has a member that is a Florida citizen, which would defeat diversity. ECF No. [87] at 3. Under those circumstances, remand is appropriate because any doubt as to jurisdiction should be resolved in favor of remand. *See Fam. Meat*, 2019 WL 8160417, at *2 (remanding to state court where conflicting documents relating to amount in controversy rendered unclear whether diversity jurisdiction existed).[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. This case is **REMANDED** to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida for further proceedings.

2. The Alsaloussi Defendants' Motion, **ECF No. [99]**, is **DENIED**.

3. Any other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

5.

---

[3] Following Velocity's dismissal of the Crossclaim and Counterclaim in this action, ECF Nos. [84], [97], [98], the only claims before this Court are Drummond's claims; as such, the Court determines it may remand the entire case under 28 USC § 1447. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 31, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record