UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

   Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; *and* ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

   Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendants Mohammed Alsaloussi, 775 NE 77th Terrace, LLC, Alsaloussi Estate, LLC, and Alsaloussi Holdings, LLC's (collectively, the "Alsaloussi Defendants") Motion for Reconsideration, ECF No. [102] ("Motion"), filed on August 1, 2023. The Alsaloussi Defendants seek an order vacating the Court's July 31, 2023 Order remanding the above-styled action to the state court from which it was removed, ECF No. [100] ("Remand Order"). Plaintiff Christopher Drummond filed a Response in opposition to the Motion, ECF No. [103], and the Alsaloussi Defendants filed a Reply in further support of the Motion, ECF No. [104]. The Court has reviewed the Motion, the opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons,

the Motion is denied for lack of subject matter jurisdiction.

## I.   BACKGROUND

### A.  Remand Order

The Court remanded the action to the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on July 31, 2023. ECF No. [100] at 5. The Court found there was a dispute as to whether Plaintiff was a citizen of Florida or Alabama and the Alsaloussi Defendants had not shown that there was diversity of citizenship between Plaintiff and Defendant LC 4.4. *Id.* at 4. For that reason, the Court doubted it had subject matter jurisdiction over the action and remanded the action to state court on that basis. *Id.* at 5. The Court further found that the Alsaloussi Defendants' request for jurisdictional discovery was unsupported by the Alsaloussi Defendants' legal authorities. *Id.* at 5.

### B.  Motion

The Alsaloussi Defendants argue that this Court committed clear error in denying jurisdictional discovery. *See* ECF No. [102-1] at 2 ("it is binding and well-settled law in this Circuit that 'when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a "qualified right to jurisdictional discovery," . . . .'"). In other words, the Court was obligated to grant the Alsaloussi Defendants jurisdictional discovery given the genuine dispute as to Plaintiff's citizenship and that Plaintiff's counsel's representation as to LC 4.4's citizenship is insufficient. *Id.* at 2-4. In addition, the Alsaloussi Defendants assert LC 4.4 is a "nominal" party whose citizenship may be disregarded for the purposes of determining subject matter jurisdiction. *Id.* at 4-5.

Next, the Alsaloussi Defendants argue Plaintiff's filing of its Amended Complaint, which added LC 4.4 as a non-diverse party, was improper. *Id.* at 5. The Alsaloussi Defendants further assert they would suffer a manifest injustice without jurisdictional discovery because Plaintiff's

2

counsel has indicated that it will seek disbursement of the *supersedeas* bond posted pending Plaintiff's appeal of the Order discharging the *lis pendens* on the Alsaloussi Defendants' properties. *Id.* at 5-6. The Alsaloussi Defendants also contend they would suffer a manifest injustice because they have been deprived of their right to choose a federal forum. *Id.* at 6. Finally, the Alsaloussi Defendants contend the Motion must be granted in the interest of judicial economy and to discourage gamesmanship. *Id.*

Plaintiff responds that the Remand Order is not reviewable under 28 U.S.C. § 1447(d). ECF No. [103]. The Alsaloussi Defendants reply that the Court has jurisdiction to review whether it exceeded its authority by remanding this case based on a perceived procedural defect in the removal process without waiting for a party's motion. ECF No. [104] at 1-2. The Alsaloussi Defendants also state that the Remand Order not only remanded the action but also denied their motion for jurisdictional discovery and such denial is reviewable. Moreover, the Alsaloussi Defendants attempt to distinguish the cases on which Plaintiff relies on the grounds that none of those cases concerned jurisdictional discovery. *Id.* at 3.

**II.    LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."[1] This is because "§ 1447(d) not only forecloses appellate review[] but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). To the extent review of a district court's order remanding a case is permissible at all, such review should be limited to confirming whether the court's characterization of its remand as resting upon lack of subject-

---

[1] Section 1447(d) contains two exceptions allowing review of remand orders in certain civil rights actions and in cases against federal officers or agencies. Neither exception is relevant here.

matter jurisdiction was colorable. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007). "Lengthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) quite as much as determining whether the factfinding underlying that invocation was correct." *Id.* at 224 (citing *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 649-50 (Scalia, J., concurring in part and concurring in judgment)).

### III. DISCUSSION

As the Eleventh Circuit has recognized, Section 1447(d) bars review "on appeal or otherwise" of an order remanding a case to the state court from which it was removed. *Bender v. Mazda Motor Corp.*, 657 F.3d at 1203 (quoting 28 U.S.C. § 1447(d)). The Supreme Court has clarified that § 1447(d) applies only to remand orders issued pursuant to § 1447(c). *Id.* (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976)). Section 1447(c) forecloses appellate review and bars reconsideration by the district court of its own remand order. *Id.* (citing *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325 (11th Cir. 1992)). Whether this Court's Order of Remand was legally erroneous is irrelevant. *See Bender v. Mazda Motor Corp.*, 657 F.3 at 1204 ("[E]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case. The case has been removed to state court and that is where it will stay."). The Court premised its remand on Section 1447(c), *see* ECF No. [100] at 5 n.3 (determining that the Court may remand the entire case under 28 U.S.C. § 1447(c)), so the Court lacks the power to revisit its Order of Remand.

Against this binding authority, the Alsaloussi Defendants maintain the Court has jurisdiction to review whether it exceeded its authority under Section 1447(c) based on "a perceived procedural defect in the removal process without waiting for a party's motion." *Corp.*

4

*Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) ("*Artjen*"). The Eleventh Circuit in *Artjen* explained that the failure of a defendant to establish a party's citizenship at the time of filing the removal notice is a "procedural defect." *Id.* at 1296-97 (quoting *In re Allstate Ins. Co.*, 8 F.3d 219 (5th Cir. 1993)). Thus, under *Artjen*, the failure of a defendant to conclusively demonstrate diversity in a notice of removal is not grounds for a district court to remand an action *sua sponte* since "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial . . . courts." 28 U.S.C. § 1653. Accordingly, *Artjen* held that a Court may not remand a case *sua sponte* based on a deficient notice of removal.

The Alsaloussi Defendants overlook how *Artjen* discussed the *appellate court*'s jurisdiction to review an order of remand, not the district court's jurisdiction. To the extent the existence of appellate jurisdiction confers jurisdiction on the Court to consider the Motion, the Court disagrees that the basis for that jurisdiction is present here. The record in this case developed beyond the notice of removal and included various motions concerning certain notices of *lis pendens* and motions to dismiss. *See, e.g.*, ECF Nos. [19-1], [51], [58], [63]. Supposing the Court had granted the Alsaloussi Defendants leave to amend the Notice of Removal under Section 1653, such an order would not address the jurisdictional problem arising from the absence of jurisdictional facts. It was doubtful diversity existed between the parties since there was a dispute as to whether Plaintiff is a Florida citizen and no evidence that LC 4.4 was not a Florida citizen. ECF No. [110] at 4. In other words, the Court did not remand this action based on a procedural defect in the Notice of Removal, ECF No. [1], but on the absence of record evidence supporting jurisdictional facts. As the Supreme Court has stated:

> [T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court . . . to deny its own jurisdiction, and . . . that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record[.]

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546-47 (1986) (quoting *Mansfield C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original). This Court found the record did not affirmatively support a finding of jurisdiction. On that finding, the Court applied the Supreme Court's inflexible rule to conclude that remand was necessary given the Eleventh Circuit's guidance on, and the plain words of, Section 1447(c). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it *appears* that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, *all doubts about jurisdiction should be resolved in favor of remand to state court.*") (citation omitted and emphasis added). Because it appears the Court lacked subject matter jurisdiction, the appropriate response was for the Court to remand, not to grant jurisdictional discovery.

Because the instant action suffered from a jurisdictional defect, *Artjen* is inapplicable. *Smith*, another case on which the Alsaloussi Defendants rely, does not advance their argument either. There, it was undisputed from the record that diversity did not exist at the time that the defendant removed the action. *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017). It was in this context that the panel stated that "Smith must be allowed to 'cure the omission' **by amending her notice**." *Id.* (emphasis added). *Id.* at 829. In *Ficus*, the district court erroneously remanded due to the defendant's failure timely to answer the complaint—a procedural defect—not based on a lack of subject matter jurisdiction. *Ficus Villas Condo Ass'n, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 832 F. App'x 695, 695-96 (11th Cir. 2020).[2] In *Cadle*, the *Eleventh Circuit* ordered jurisdictional discovery before passing on the appeal's merits; that case did not

---

[2] The Court notes neither *Smith* nor *Ficus* address the propriety of jurisdictional discovery.

address the propriety of a district court's remand under Section 1447(c). *Cadle Co. II v. Menchion*, No. 16-10380, 2018 U.S. App. LEXIS 15069, at *6 (11th Cir. June 4, 2018). The other cases on which the Alsaloussi Defendants rely concern *personal* jurisdiction or deal with exceptions to Section 1447 that are not applicable here. *See* 28 U.S.C. §§ 1442, 1443.

To the extent that the Court's decision on Defendant's request for reconsideration is reviewable separately from the Order of Remand, that request is now moot because the case has been remanded. The Court declines to reach the remainder of the Alsaloussi Defendants' arguments and finds that the Motion must be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration, **ECF No. [102]**, is **DENIED FOR LACK OF SUBJECT MATTER JURISDICTION**.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 11, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record