UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

CHRISTOPHER DRUMMOND,

   Plaintiff,

v.

MOHAMMED ALSALOUSSI, *individually*; YELLOW HAMMOCK LLC, *a Delaware limited liability company*; 775 NE 77TH TERRACE LLC, *a Florida limited liability company*; ALSALOUSSI ESTATE LLC, *a Florida limited liability company*; *and* ALSALOUSSI HOLDINGS, LLC, *a Florida limited liability company, jointly and severally*; LC 04 SPECIAL, LLC, *a Delaware limited liability company*, *and* VELOCITY COMMERCIAL CAPITAL, LLC;

   Defendants.
_____/

## ORDER ON MOTION TO RELEASE BOND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Release Supersedeas Bond and for Sanctions ("Motion"), ECF No. [114], filed on June 11, 2025. Defendants filed a Response, ECF No. [117], to which Plaintiff filed a Reply, ECF No. [118]. For the reasons set forth below, the Motion is denied.

### I.   BACKGROUND

On March 7, 2023, Plaintiff filed his Complaint in the Eleventh Judicial Circuit Court in and For Miami-Dade County, Florida, alleging that Defendant Mohammed Alsaloussi purchased several real properies ("Properties") with funds that Alsalouissi fraudulently obtained from Plaintiff. ECF No. [114] at 4. Plaintiff recorded a *lis pendens* on the Properties. *Id.* Defendants

removed the case to this Court and moved to discharge the *lis pendens*. ECF Nos. [1], [19]. On June 13, 2023, the Court granted Defendants' Motion to Discharge the Lis Pendens ("Discharge Order"). ECF No. [55]. Plaintiff thereafter appealed the Discharge Order to the U.S. Court of Appeals for the Eleventh Circuit. ECF No. [66]. July 14, 2023, the Court granted in part Defendants' Expedited Motion to Order Plaintiff to Remove *Lis Pendens* and Post a Bond ("Bond Order"), ECF No. [78], requiring Plaintiff to file a *supersedeas* bond of $9,550,000. *Id.* at 10. Plaintiff complied and filed the *supersedeas* bond. ECF No. [95].

In light of the Amended Complaint, which, the Court noted "alleges diversity jurisdiction but inadequately alleges the citizenship of the parties[,]" on July 20, 2023, the Court issued an Order to Plaintiff to Show Cause Regarding Diversity Jurisdiction. ECF No. [83] at 5. Specifically, the Court stated that the Amended Complaint was inadequate in that it

> alleges the residence, but not the domicile, of Drummond. *See* Amend. Compl. ¶ 3. *Second*, the Amended Complaint does not allege all the members of 775 LLC, or at least does not specify that the managing member is the sole member of 775 LLC. *See id.* ¶¶ 7, 8. *Third*, the Amended Complaint does not allege the members of LC Terrace. See id. ¶ 9. *Fourth*, the Amended Complaint does not allege the members of Velocity. *See id.* ¶ 10. *Fifth*, the Amended Complaint does not allege that Alsaloussi Holdings and Alsaloussi Estate's sole managing member, Alsaloussi, is their sole member. *See id.* ¶ 11-14. Finally, the Amended Complaint's references to the principal place of businesses of the LLC Defendants interjects ambiguity.

ECF No. [83] at 5. In Response, Plaintiff stated that "diversity jurisdiction does not exist"[1] and "that the appropriate action is to remand the case to state court." ECF No. [87] at 4. On July 26, 2023, the Court issued a Second Order to Defendant and Counterclaimant Velocity to Show Cause Regarding Diversity Jursidiction.[2] ECF No. [96]. Two days later, Velocity filed a Notice of

---

[1] This conclusion was based on the allegation that "(i) [Defendant] LC 04 and LC 4.4 share common ownership, and (ii) LC 4.4 has at least one member who is a citizen of Florida, thus stripping diversity because—as discussed below— Drummond is also a citizen of Florida." ECF No. [87] at 3.

[2] The Court ordered Velocity to show cause as to the existence of diversity jurisdiction because "[b]ased on the record, there is complete diversity as between Velocity, Mohammed Alsaloussi,

2

Voluntary Dismissal of Counterclaim. ECF No. [97]. As a result of the dismissal of the Cross Claim, Velocity stated that its "assertions regarding diversity are no longer relevant[]" and Velocity "has no reason to doubt the assertions of Drummond regarding a lack of diversity[.]" ECF No. [98] at 2. The Alsaloussi Defendants then filed a Motion for an Order Denying Plaintiff's Remand request and, Alternatively, Granting Leave to Conduct Jurisdictional Discovery. ECF No. [99-1]. On July 31, 2023, the Court held that it lacked subject matter jurisdiction over this case and remanded it to state court ("Remand Order"). ECF No. [100]. On August 28, 2023, Defendants appealed[3] the Remand Order. ECF No. [107].

Plaintiff argues the Court should release the bond for three reasons: (1) the bond is no longer necessary to protect Alsaloussi from harm during the pendency of the appeal; (2) the Bond Order was void *ab initio*; and (3) Plaintiff should be relieved of the requirements of the Bond Order under Rules 60(b)(6) and (d)(3) because it was procured through fraud on the Court. ECF No. [114]. Plaintiff also seeks sanctions against Alsaloussi for committing fraud on the Court. *Id.* Defendants respond that the sole issue before the Court is jurisdiction and the Court cannot grant the requested relief because (1) the Court already determined that it does not have subject matter jurisdiction and, therefore, cannot take action; and (2) even if the Court had diversity jurisdiction, the Court cannot release the bond because Defendants' appeal of the Remand Order divested the Court of jurisdiction over the case. ECF No. [117]. Plainitff replies that (1) the Court lacks jurisdiction to continue holding the bond; and (2) Defendants' notice of appeal did not divest the

---

and Drummond. However, 28 U.S.C. § 1447 provides, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" ECF No. [96] at 2-3 (quoting 28 U.S.C. § 1447(c)).

[3] On July 25, 2025, after the parties completed their briefing of the instant Motion, the Eleventh Circuit dismissed 775 NE 77th Terrace LLC, Alsaloussi Estate LLC, and Alsaloussi Holdings, LLC from the appeal for failure to prosecute. ECF No. [119] at 1. However, the Court clarified that "Alsaloussi's appeal is proceeding." *Id.*

Court of jurisdiction. ECF No. [118].

## II. LEGAL STANDARD

"Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Upon determining that it does not have jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868)). The "necessary corollary to the concept that a federal court is powerless to act without jurisdiction" is "that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* However, "[a] court may consider collateral issues after it has dismissed an action for lack of subject-matter jurisdiction because 'the determination of a collateral issue' is not 'a judgment on the merits of an action[.]'" *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 20-11526, 2023 WL 3270065, at *2 (11th Cir. May 5, 2023) (quoting *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992)). Therefore, the determination of a collateral issue after dismissing a case for lack of jurisdiction "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Id.*

Filing a notice of appeal also "divests the district court of its control over those aspects of the case involved in the appeal." *Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1238 (11th Cir. 2024) (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)). While an appeal is pending "the district court lacks jurisdiction to rule in the case except on collateral issues or in aid of the appeal." *Id.* Although, "following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion[,]" the Eleventh Circuit has instructed that "a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). The

4

Case 1:23-cv-21379-BB   Document 120   Entered on FLSD Docket 09/08/2025   Page 5 of 13

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

district court may "deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." *Id.*

### III. DISCUSSION

In order to grant Plaintiff the relief he seeks, the Court must have the jurisdiction to do so. However, the Court has been divested of jurisdiction on two fronts. First, as Plaintiff acknowledges, "this Court determined that it lacked subject matter jurisdiction over this case and remanded it to state court." ECF No. [114] at 2. Second, "two appeals remain pending in the Eleventh Circuit," *id.*, thereby "divest[ing] the district court of its control over those aspects of the case involved in the appeal[s]." *Boyd*, 114 F.4th at 1238. Because Plaintiff appealed the Discharge Order and Defendants appealed the Remand Order, this Court was divested of control over aspects of the case relating to those orders. Therefore, in order for the Court to have jurisdiction to release the *supersedeas* bond, the issue must be collateral to the Discharge Order and Remand Order. None of Plaintiff's arguments establishes that the release of the bond would be collateral to the orders currently on appeal.

**A. Purpose of the Bond**

First, Plaintiff's argument that the bond is "no longer necessary to protect Alsaloussi from harm during the pendency of the appeal" and therefore the Court may "exercise its inherent authority and authority under Rule 62 to release the bond," has no bearing on whether the bond is a collateral issue. ECF No. [114] at 12-13, 14. Even if the original "rationale for the bond . . . no longer exists," this Court does not have jurisdiction to dissolve the bond when the order for which the bond was posted is currently pending before the Eleventh Circuit. *Id.* at 13. Plaintiff argues that "district courts have 'inherent discretionary authority in setting supersedeas bonds." *Id.*

5

(quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)). That authority, Plaintiff argues, also permits the Court to modify the bond requirement or waive it altogether. *Id.* (citing *ConsumerDirect, Inc. v. Pentius, LLC*, No. 21-cv-01968, 2024 WL 4329077, at *2 (C.D. Cal. Sept. 20, 2024). However, as Defendants note, "both *Rachel* and *ConsumerDirect* address when and how a court may impose a supersedeas bond, not under what circumstances such a bond may be dissolved." ECF No. [117] at 5. The Court imposed the bond in order "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *United States v. U.S. Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990) (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)). Dissolving the bond while the order for which the bond was posted is currently on appeal before the Eleventh Circuit would undermine the purpose of the bond.

Plaintiff also cites Rule 62(d) as providing the Court with the authority to dissolve the bond. ECF No. [114] at 13. However, as Defendants argue, it is unclear how Rule 62(d) could apply in the present case given that it only "permits the issuance of a stay pending appeal subject to the posting of a bond." ECF No. [117] at 5. In his Reply, Plaintiff argues that Rule 62(d) "expressly permits a district court to modify a bond during an appeal from an order dissolving an injunction" because "Florida law treats a lis pendens like an injunction." ECF No. [118] at 5 (citing *Munilla v. Espinosa*, 533 So. 2d 895, 895 n.1 (Fla. 3d DCA 1998). Even if that were the case and the Court were to assume that all references to "injunction" within the Federal Rules included a *lis pendens*, it still would not support Plaintiff's argument. Rule 62(d) only permits the Court to "suspend, modify, restore, or grant an *injunction* on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d) (emphasis added). By Plaintiff's logic, Rule 62(d) would permit the modification of the *lis pendens*, not the bond itself.

6

**B. Rule 60(b)(4)**

Second, Plaintiff argues that the Bond Order was void *ab initio* because it was entered without subject matter jurisdiction. ECF No. [114] at 14. Federal Rule of Civil Procedure 60(b)(4) states the Court "may relieve a party . . . from a final judgment, order, or proceeding" if "the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). Plaintiff argues that "under this Court's inherent authority to oversee a bond requirement, voidness is a compelling—indeed, necessary—reason to release the bond." *Id.* However, Defendants respond that "[t]o accept Plaintiff's void *ab initio* argument, this Court would necessarily have to determine that it correctly dismissed the case without first affording Defendants a chance to cure the alleged defect. That very determination, however, lies within the exclusive jurisdiction of the Eleventh Circuit while the appeal is pending." ECF No. [117] at 6. Plaintiff replies that the Notice of Appeal did not divest this Court of jurisdiction because the dissolving of the supersedeas bond would qualify as a "collateral issue" or "in aid of the appeal," over both of which the Court retains jurisdiction. ECF No. [118] at 4. However, Plaintiff fails to cite any persuasive authority to support the proposition that *dissolving* a supersedeas bond, while the appeal for which the bond was posted is still ongoing, constitutes a "collateral issue" over which the Court retains jurisdiction[4].

---

[4] Although Plaintiff cites several cases which purportedly support the proposition that "the district court retains jurisdiction over any issues relating to . . . the supersedeas bond," these cases are distinguishable in key respects. ECF No. [118] at 5. Plaintiff first cites *Sheldon v. Munford, Inc.*, in which the plaintiffs obtained a jury verdict and the defendant sought a stay of enforcement pending appeal. 128 F.R.D. 663, 664 (N.D. Ind. 1989). The Court granted the stay, conditioned upon the defendant posting a bond. *Id.* After the defendant posted the bond, and "[i]n addition to their in-court efforts to collect on the judgment," the plaintiffs obtained a writ of execution on the judgment from the United States District Court for the Northern District of Georgia. *Id.* The defendant filed a motion in the United States District Court for the Northern District of Indiana, where he had filed the *supersedeas* bond, to prevent the plaintiffs from enforcing the jury verdict, despite the stay being ordered by the Northern District of Indiana. *Id.* The Court stated "[a]lthough the filing of the notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond." *Id.* at 665. It was based on the Court's

7

Although the Court does not have jurisdiction to grant Plaintiff's Rule 60(b)(4) motion, in accordance with the Eleventh Circuit's instructions, it will nonetheless address the merits of the motion. *Mahone*, 326 F.3d at 1180 (reversing district court for failing to consider merits of Rule 60(b) motion after notice of appeal had been filed); *see also* 11th Cir. R. 12.1-1. Plaintiff is correct

---

jurisdiction to enforce the judgment and *supersedeas* bond that the Court determined it had "jurisdiction to regulate the collection proceedings including the enforcement of the supersedeas bond." *Id.* at 665. Therefore, the Court concluded that "the purpose of the bond is to guarantee that the plaintiffs will be able to collect their judgment if the verdict is affirmed on appeal" and "the bond is the only security which the plaintiffs are entitled to pending appeal." *Id.* at 666. Although the Court stated it had jurisdiction over the *supersedeas* bond, it was only insofar as it related to the enforcement of the judgment. *Id.* at 665.

Plaintiff next cites *R & D Fin. Sols., Inc. v. Western Thrift & Loan Corp.*, in which the defendant filed a *supersedeas* bond, written by Western Bond Company and plaintiffs moved for *additional* security because Western Bond Company's credit rating was subsequently downgraded. No. 07-4306, 2011 U.S. Dist. LEXIS 120571, at *2 (D. Minn. Oct. 18, 2011). The Court granted the motion for additional security because "[t]he purpose of Rule 62(d) is to protect judgment creditors" and "the security provided by Western Thrift [wa]s no longer sufficient." *Id.* at *3. The Court determined that it had jurisdiction insofar as "[a] creditor may always challenge the *adequacy* of the bond before the district judge." *Id.* at *2 (emphasis added) (quoting *Phansalkar v. Andersen Weinroth & Co.*, 211 F.R.D. 197, 200 (S.D.N.Y. 2002).

Plaintiff also cites *Press Ganey Assocs. v. Dye*, in which the district court determined that it had jurisdiction to decide two motions related to the enforcement of a judgment although a notice of appeal had been filed. No. 12-cv-437, 2014 WL 1874897, at *1 (N.D. Ind. May 8, 2014). However, the Court explicitly cabined the holding in *Dye*, stating "[b]ecause Dye's motions only affect the enforcement of the judgment issued by this Court and *not the substantive matters on appeal*, the Court now resolves Dye's motions." *Id.* (emphasis added). Plaintiff, by contrast, ask this Court to take action that goes to the heart of the matter currently pending before the Eleventh Circuit: whether this Court has jurisdiction. *See* ECF No. [107].

Lastly, Plaintiff cites *United States v. York* as "approving amendment to supersedeas bond after notice of appeal was filed[.]" ECF No. [118] at 5 (citing *United States v. York*, 909 F. Supp. 4, 6-7 (D.D.C. 1995)). However, the amendment to the bond was unopposed and merely added the name of a co-defendant to a bond that had already been posted. *York*, F. Supp. at 6-7. *York* primarily stands for the proposition that the Court "has continuing jurisdiction to protect and enforce its judgments." *Id.* at 9. As in *Sheldon*, the Court in *York* granted the defendant's motion to prevent the plaintiff from attempting to enforce its judgment through means beyond the existing *supersedeas* bond. *Id.* at 9 ("The government's interests are adequately protected by the existing supersedeas bond and an unrelated party stands to be harmed absent the Court's intervention. Accordingly, in the interest of justice, the Court shall grant USGI's Motion to Quash Attachment."). Therefore, *York* does not apply to the present case.

that "[g]enerally, a judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter[.]'" *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quoting *In re Edwards,* 962 F.2d 641, 644 (7th Cir. 1992)). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Thompson v. Target Corp.*, 861 F. App'x 325, 327-28 (11th Cir. 2021) (quoting *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010)). At the time the Court issued the Bond Order, the Amended Complaint asserted that the Court had "diversity jurisdiction," but, as the Court subsequently noted in its Order to Show Cause, the Amended Complaint "inadequately allege[d] the citizenship of the parties." ECF No. [83] at 5. Although the Court later determined that it lacked jurisdiction, given the allegation by the Plaintiff that diversity existed and the uncertainty regarding the citizenship of the various Defendants, the presumption of jurisdiction at the time of the Bond Order was "a mere error in the exercise of jurisdiction" which "does not support relief under Rule 60(b)(4)." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). Therefore, the Rule 60(b)(4) Motion is denied. *Mahone*, 326 F.3d at 1180 ("district courts retain jurisdiction after the filing of a notice appeal to entertain and deny a Rule 60(b) motion.").

### C. Fraud on the Court

Third, Plaintiff argues that the Court may release the bond under Rule 60 because Defendants obtained the Bond Order by committing fraud on the Court. ECF No. [114] at 15 (citing Fed. R. Civ. P. 60(b)(6), (d)(3)). However, this argument suffers from the same deficiencies as Plaintiff's previous arguments: he fails to provide a basis for this Court's jurisdiction once the notice of appeal has been filed. Plaintiff argues that the district court has "continuing authority to release or modify a supersedeas bond where the bond was procured through fraud." ECF No. [118]

9

at 5. Defendants argue that "fraud . . . misrepresentation, or misconduct by an opposing party" is a basis for relief under Rule 60(b)(3). ECF No. [117] at 7 (citing Fed. R. Civ. P. 60(b)(3)). Motions for relief under Rule 60(b)(3) must be "made within a reasonable time" and "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1). However, Rule 60(d)(3) states "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Therefore, "there is 'no time limit on setting aside a judgment' under Rule 60(d)(3)." *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2870 (3d ed. Apr. 2023)). Regardless, even if the Bond Order was procured through fraud on the Court, Plaintiff's request to dissolve the bond order is currently before the Eleventh Circuit. ECF No. [66]. The Eleventh Circuit held Plaintiff's appeal of the Bond Order in abeyance "pending resolution of Appeal No. 23-12833, which is the defendants' appeal from the remand order." *Drummond v. Alsaloussi, et al.*, No. 23-12135 (11th Cir. Apr. 23, 2024), ECF No. [53]. Indeed, Plaintiff also argues that Alsaloussi committed a fraud on this Court before the Eleventh Circuit. Appellee's Brief at 35, *Drummond v. Alsaloussi,* No. 23-12833 (11th Cir. Aug. 25, 2025) ("As the state court has now found, Alsaloussi submitted materially false declarations in the district court to procure the discharge order and associated bond."). Therefore, Defendants' potential fraud cannot be considered a "collateral issue[] or in aid of the appeal." *Coinbase*, 599 U.S. at 770.

**D. Sanctions**

Lastly, Plaintiff argues the Court should impose sanctions on Alsaloussi because "the record demonstrates Alsaloussi committed fraud on this Court by, at a minimum, engaging in five separate acts of perjury as part of a calculated scheme to prolong the benefit he obtained by perpetuating a massive fraud." ECF No. [114] at 16. Because Alsaloussi "knew at the time that he had misappropriated [Plaintiff's] funds to purchase the Properties[,]" Plaintiff "requests that this

Court impose appropriate sanctions, including an order requiring Alsaloussi to pay [Plaintiff's] attorney's fees for proceedings int his Court." *Id.* Defendants respond that "[f]or the same reasons discussed in connection with Plaintiff's request to release the supersedeas bond, the Court likewise lacks jurisdiction to consider Plaintiff's request for sanctions." ECF No. [117] at 7. Defendants also argue that, even if the Court does have jurisdiction, "Defendants' appeal directly implicates whether the Court properly dismissed the case, so the Court could no longer retain any jurisdiction over any matter involved in this pending appeal." *Id.* at 8. Indeed, Plaintiff has also requested that the Eleventh Circuit sanction Defendants. Appellee's Brief at 17, No. 23-12833, ECF No. [56].

"The Supreme Court has told us that sanctions under Federal Rule of Civil Procedure 11 are a 'collateral' issue and thus a court may decide a Rule 11 sanctions motion even if it lacks jurisdiction over the underlying case." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992)). The Supreme Court based this determination on the fact that the "imposition of a Rule 11 sanction is not a judgment on the merits of an action. . . Such an order implicates no constitutional concerns because it 'does not signify a district court's assessment of the legal merits of the complaint." *Willy*, 503 U.S. at 138 (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990)). Based on this reasoning, the Eleventh Circuit has held that "a district court may address a sanctions motion based on its inherent powers or § 1927 even if it lacks jurisdiction over the underlying case." *Hyde*, 962 F.3d at 1310. However, in the instant case, a determination as to whether sanctions are appropriate is intertwined with the questions currently on appeal before the Eleventh Circuit. Plaintiff seeks to sanction Defendants for the same reason that he argues the Bond Order is invalid. *See* ECF No. [114] at 15-16. Therefore, the Court cannot decide the issue unless and until the matter is remanded.

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

### E. Indicative Ruling Regarding Jurisdiction

Although the Court is unable to grant Plaintiff's Motion because the Notices of Appeal divested it of jurisdiction, the Court may issue an indicative ruling in which it "considers whether to grant or deny the motion without obtaining a remand" from the Eleventh Circuit. 11th Cir. R. 12.1-1(c); *see also* Fed. R. App. P. 12.1. If the Court determines that the Motion "raises a substantial issue that warrants further consideration, the district court should enter an order so stating. The district court may without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." 11th Cir. R. 12.1-1(d). Indeed, although the Court may not vacate the Bond Order, Plaintiff's Motion raises the substantial issue of whether the Court may continue to exercise jurisdiction over the *supersedeas* bond. Following the Bond Order, the Court issued its Remand Order, in which it noted that Defendants had "the burden of showing that there is diversity of citizenship" but "have not done so despite having been afforded the opportunity to do so." ECF No. [100] at 4. Therefore, the case was remanded. *Id.* at 5. Defendants filed a Motion for Reconsideration, which the Court denied. ECF No. [110]. Although the Court does not have jurisdiction over the *supersedeas* bond, the Court provides the indicative ruling that it would release the bond if the case were remanded from the Eleventh Circuit because the Court does not have subject matter jurisdiction to continue holding the bond.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Release *Supersedeas* Bond and for Sanctions, **ECF No. [114], is DENIED**.

Case No. 23-cv-21379-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida on September 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record